UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **EDWARD MURPHY**<br>     **LA. DOC #305035**<br>**VS.** | **CIVIL ACTION NO. 09-1410**<br><br>**SECTION P**<br><br>**CHIEF JUDGE JAMES** |
| **LOUISIANA PAROLE BOARD** | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Edward Murphy, proceeding *in forma pauperis*, filed the instant civil rights complaint on July 31, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Madison Parish Correctional Center, Tallulah, Louisiana. Plaintiff complains that his request for a parole hearing was denied by the Chairman of the Louisiana Parole Board on the grounds that plaintiff is ineligible for parole. Plaintiff sues the Parole Board and its Chairman praying for declaratory relief (that the Parole Board recognize his eligibility for parole), injunctive relief (that the Board be directed to grant him a parole hearing), or, in the alternative, for compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that plaintiff's claims for monetary relief be **DISMISSED WITH PREJUDICE** since he seeks such relief from defendants who are immune from suit; it is also recommended that plaintiff's claims for declaratory and injunctive relief be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

On June 27, 2009, plaintiff corresponded with the chairman of Louisiana's Parole Board requesting "... a hearing before the members of the Parole Board after completing one third ... of [his] sentence..." Plaintiff acknowledged that "... on October 15th, 2007, [he] was ... sentenced in Bienville Parish to serve a term of imprisonment for a period of fourteen ... years, seven ... months, and eighteen ... days prior to one count of forcible rape, which esteemed [sic] from a parole violation..." Plaintiff then went on to explain that his parole had been "wrongfully revoked" by his parole officer and concluded by requesting that he be allowed "... to appear before your Board for an appropriate parole hearing, prior to one third ... of [his] sentence ... being completed ..."[Doc. 1, pp. 6-7]

On July 7, 2009, the Parole Board returned plaintiff's letter and noted, "According to our records, you are not eligible for parole due to the fact that you were convicted of an offense that carries no eligibility for Parole ..." [doc. 1, p. 5]

Plaintiff filed the instant suit on July 31, 2009. As noted above, he prayed for declaratory judgment directing the Louisiana Parole Board to recognize his eligibility for parole and thereafter injunctive relief directing the Board to convene a parole hearing; in the alternative, he prayed for compensatory and punitive damages from the Board. [Doc. 1, ¶V]

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate

the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's original complaint sets forth his claim and the basis for his cause of action. He need not be permitted further amendment because his claims in support of injunctive and declaratory relief – taken as true for the purposes of this report – are manifestly frivolous; and his claims seeking monetary damages are subject to dismissal because plaintiff has sued defendants who are immune from suit.

*2. Plaintiff's Prayer for Damages*

Title 28 U.S.C. §1915(e)(2)(B)(iii) authorizes *sua sponte* dismissal of a prisoner suit which "... seeks monetary relief against a defendant who is immune from such relief..." Plaintiff faults the Chairman for determining that he is ineligible for parole based upon his conviction for forcible rape. Parole Board members are entitled to absolute immunity from suits seeking monetary damages when they are sued for performing their adjudicative duties. *Hulsey v. Owens*, 63 F.3d 354 (5th Cir. 1995).

Further, under the Eleventh Amendment to the United States Constitution the States are immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her own citizens. *Edelman v. Jordan*, 415 U.S. 651, at 659, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). While Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. See *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan, supra*. Absent consent by the State of Louisiana or Congressional action, the State of Louisiana is immune from suit in this action and the State's shield of Eleventh Amendment immunity extends to the Parole Board which is an agency of the state. See *Anderson v. Phelps*, 655 F.Supp. 560 (M.D.La.1985). Therefore, the plaintiff's claims for damages against the Louisiana Parole Board are barred by the Eleventh Amendment's grant of immunity and must also be dismissed.

### *3. Plaintiff's Prayer for Declaratory Judgment and Injunctive Relief*

That does not end the inquiry, however, since plaintiff also seeks declaratory and injunctive relief. A prisoner in State custody cannot use a civil rights action filed pursuant to 42 U.S.C. §1983 to challenge "the fact or duration of his confinement;" instead, he must seek *habeas corpus* relief. *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); see also *Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

However, when success on the prisoner's action would not necessarily result in an immediate release from custody or a shorter stay in prison, but would provide instead, and at

most, a new eligibility review, an action filed pursuant to §1983 is appropriate. *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 254 (2005). The Fifth Circuit previously adopted the following "bright line rule" with regard to whether a claim should be advanced in a habeas petition or civil rights complaint – If a favorable determination would not automatically entitle the prisoner to accelerated release from confinement, the complaint is properly characterized as a § 1983 suit. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir.1997) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam)).

Plaintiff requests an order directing the Louisiana Parole Board to recognize that he is eligible for parole under Louisiana law and to thereafter convene a parole hearing. Since success in his suit would not necessarily result in plaintiff's immediate or speedier release from custody,[1] his claim is appropriately raised in this civil rights action.

Nevertheless, plaintiff is not entitled to either declaratory or injunctive relief. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); see also *Collins v. City of Harker Heights*, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Baker v. McCollan*, 443 U.S. 137, 142, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); see also *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir.2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or

---

[1] Plaintiff, in his letter to the Chairman, complained that his parole was "wrongfully revoked," – a claim which if raised herein and which if successful, would result in a release from custody. However, he does not raise that claim in this action. To the extent that plaintiff might wish to assert such a claim, it would be appropriately raised in a habeas corpus action; however, before seeking relief in federal court, plaintiff must first exhaust available State court remedies.

her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir.1994)).

Plaintiff has not alleged the violation of a right guaranteed by the Constitution or laws of the United States. However, read liberally, it must be presumed that plaintiff's claim arises under the Due Process Clause of the Fourteenth Amendment. State prisoners are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest. See *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Such liberty interests arise under the Due Process Clause itself or from state law. See *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).

State convicts do not have a federally guaranteed constitutional right to conditional release before the expiration of a valid sentence. See *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained ... is not protected by due process.") Therefore, plaintiff's due process claim depends on the existence of an interest created by state law. In this regard, plaintiff is likewise not entitled to relief.[2]

Further plaintiff's claims against the Parole Board are manifestly without a basis in either fact or law. By his own admission, plaintiff was convicted of forcible rape and sentenced to serve a term of more than 14 years. He contends that he should be eligible for parole

---

[2] The Fifth Circuit has previously determined that the Louisiana parole statutes do not give rise to a constitutionally protected liberty interest in parole release and thus Louisiana prisoners may not challenge parole procedures under the Due Process Clause. *Stevenson v. Louisiana Board of Parole*, 265 F.3d 1060, 2001 WL 872887 (5th Cir. 2001) (unpublished) citing a previous unpublished opinion, *Sinclair v. Ward*, No. 99-30310 (5th Cir.1999) (Dec. 27, 1999).

consideration after having served one-third of his sentence as provided by La. R.S.15:574.4(A). However, forcible rape is considered a "crime of violence" under Louisiana law. See La. R.S.14:2(B)(10). Therefore plaintiff's parole eligibility is governed not by the provisions of La. R.S.15:574.4(A), but rather by the provisions of La. R.S.15:574.4(B) which states in pertinent part, "Notwithstanding any other provisions of law to the contrary, <u>a person convicted of a crime of violence and not otherwise ineligible for parole shall serve at least eighty-five percent of the sentence imposed, before being eligible for parole.</u>" (Emphasis supplied) Under the clear terms of the statute, plaintiff will not be eligible for parole consideration, if at all,[3] until he has served 85% of the 14 year and 7 month sentence.

Plaintiff has not shown that the defendants have erroneously calculated his parole eligibility under Louisiana law. Absent a showing that the defendants have violated a constitutionally protected or state-created liberty interest, plaintiff's complaint lacks any arguable basis in law, fails to state a claim upon which relief can be granted, and is frivolous.

## 4. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** plaintiff's claims for monetary relief be **DISMISSED WITH PREJUDICE** since he seeks such relief from defendants who are immune from suit pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii);

---

[3] In Louisiana, forcible rape is punishable by imprisonment "... at hard labor for not less than five nor more than forty years..." and, "... [a]t least two years of the sentence imposed shall be <u>without benefit of ... parole</u>..." See La. R.S.14:42.1(B) (Emphasis Supplied) Plaintiff has not provided the minutes of sentencing or commitment order, but clearly, the sentencing court was empowered to order that the <u>entire sentence be served without benefit of parole</u>.

In the event that plaintiff objects to this Report and Recommendation, he should provide a copy of the sentencing minutes or commitment order.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims for declaratory and injunctive relief be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 22, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE